

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-00072-KKC-EBA

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          **PLEA AGREEMENT**

HENG YIN                                                    DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1343, wire fraud, and to Count 7 of the Indictment, charging a violation of 18 U.S.C. § 1028A, aggravated identity theft. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 through 6, 8, and 9. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count 1, 18 U.S.C. § 1343, are:

(a) The defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to deprive another of money or property;

(b) The scheme included a material misrepresentation or concealment of a material fact;

1

(c) The defendant had the intent to defraud; and

(d) The defendant used a wire, radio, or television communications and/or caused another to use wire, radio, or television communications in interstate commerce in furtherance of the scheme.

3. The essential elements of Count 7, 18 U.S.C. § 1028A, are:

(a) The defendant committed the felony violation of wire fraud, 18 U.S.C. § 1343, a felony violation enumerated in subsection (c) of 18 U.S.C. § 1028A;

(b) The defendant knowingly used a means of identification of another person without lawful authority;

(c) The defendant knew the means of identification belonged to another person; and

(d) The use was during and in relation to the felony of wire fraud, 18 U.S.C. § 1343.

4. As to Counts 1 and 7, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) At all relevant times, Heng Yin was a Chinese National who resided in Chicago, Illinois.

(b) From on or about February 4, 2025 to on or about March 21, 2025, in the Eastern District of Kentucky, and elsewhere, Yin devised a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises. Yin loaded stolen credit card information on his phone's digital wallet and used the stolen credit card information via his phone's Tap to Pay feature to purchase gift cards at various large retailers on multiple dates.

(c) Tap to Pay was a contactless payment method: an individual paid for an item by tapping a contactless card or digital wallet, like Apple Pay or Google Pay, on a merchant's payment terminal. To use a credit card via a digital wallet, the user inputted the cardholder's name, card number, expiration date, and card verification value into the digital wallet.

(d) On or about March 21, 2025, Yin purchased 70 gift cards using 107 different credit card numbers loaded onto his phone's Tap-to-Pay method at a Meijer grocery store located in Fayette County, in the Eastern District of Kentucky. When Yin attempted to purchase the gift cards, he covered the gift cards using larger items at self-checkout to conceal the gift cards from view. Yin initially

2

purchased 60 gift cards at the Meijer, exited the Meijer to put the gift cards in his vehicle, and returned to the Meijer to continue to purchase more gift cards. In all, Yin purchased 70 gift cards totaling $4,825.30 and used the stolen identities of approximately 100 individuals on that date.

(e) Specifically, as to Count 1, on March 21, 2025, Yin uploaded stolen information for a Chase Bank credit card ending in *2958 in the name of C.R. on his phone's tap to pay feature and used the stolen credit card information to purchase a $53.28 gift card at Meijer. When Yin purchased the gift card, Yin acted with the intent to defraud, knowing that he was misrepresenting that he had the authority to use the credit card information. When Yin purchased the gift card, he caused a wire to enter interstate commerce.

(f) Specifically, as to Count 7, on March 21, 2025, Yin knowingly used the identification of C.R. without lawful authority when he committed wire fraud by purchasing a gift card using C.R.'s stolen credit card information and name. Yin knew the identification of C.R. belonged to another person.

5. The statutory punishment for Count 1, 18 U.S.C. § 1343, wire fraud, is imprisonment for not more than 20 years, a fine of not more than $250,000 or twice the gross gain or twice the gross loss, and a term of supervised release of not more than 3 years. The statutory punishment for Count 7, 18 U.S.C. § 1028A, is imprisonment for two years to be run consecutive to Count 1, a fine of not more than $250,000 or twice the gross gain or twice the gross loss, and a term of supervised release of one year. A mandatory special assessment of $100 applies per count, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all acts or omissions relating to wire fraud and aggravated identity theft from February 4, 2025 to March 21, 2025.

(c) Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(2)(A), increase the offense level by 2 levels because the offense involved 10 or more victims.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, the parties agree the offense level for Count 1 should be decreased by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Pursuant to U.S.S.G. § 2B1.6, the parties agree the Defendant's sentence on Count 6 is 2 years to be run consecutively to any other term of imprisonment imposed. BDP - 8/29/25 AT
GMC - 8/29/25 AT

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

9. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which

4

the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the gift cards listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The currency and electronic equipment listed in the forfeiture allegation of the Indictment were not seized by federal law enforcement and are no longer being pursued for judicial forfeiture in this action. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the gift cards identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the gift cards identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the gift cards identified

5

for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item, other than the Defendant's passport, obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to pay restitution in the amount(s) and to the victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a

6

financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense

level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 8/29/2025

By: _____
Brittany A. Dunn-Pirio
Assistant United States Attorney

Date: 8/29/25

_____
Heng Yin
Defendant

Date: 8/29/25

_____
Erica Roland
Attorney for Defendant