UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO.  5:25-CR-72-KKC

UNITED STATES OF AMERICA,                                                    PLAINTIFF,


V.                    RECOMMENDATION TO ACCEPT GUILTY PLEA


HENG YIN,                                                                    DEFENDANT.

\* \* \* \* \*

On referral the Court conducted a rearraignment of Defendant Heng Yin.  On August 29, 2025, the defendant appeared before the undersigned for proceedings under Rule 11, following the defendant's motion for rearraignment.

As established and particularly detailed on the record:

1.    After the Court informed the defendant of his right to rearraignment in the presence of a United States District Judge, the defendant personally consented to rearraignment before a United States Magistrate Judge. Defendant further consented to the Magistrate Judge accepting the plea, conditioned upon proper findings under Rule 11.  The consent occurred orally and in writing and was under oath. The consent was knowing, voluntary, and intelligent and occurred with counsel's advice. The United States had no objection to so proceeding.

2.    The Court placed the defendant under oath and performed the full colloquy as required by Rule 11. As set forth in the record, after said colloquy, the Court found the defendant competent to plead. Additionally, after advising the

defendant of all applicable rights, covering the full tendered plea agreement (to include a partial appeal waiver), and assuring the defendant's awareness of the nature of and all potential mandatory penalties applicable to all charges at issue, as well as the sentencing process, the Court further found that the defendant pled guilty in a knowing, voluntary, and intelligent fashion.

3.      Further, an adequate factual basis supported the plea as to each essential offense element for the applicable charge. The Court covered all areas and confirmed the defendant's understanding of all matters required in the context by Rule 11, the criminal rules, and the United States Constitution.

4.      As such, and based on the Court's findings, the undersigned RECOMMENDS that the defendant's guilty plea be ACCEPTED and the defendant be ADJUDGED GUILTY of Counts 1 and 7 of the Indictment.

5.      The defendant confirmed, under oath, his ownership interest in the gift cards listed in the forfeiture count of the indictment, and their relation to the crimes of conviction. As a result, the undersigned RECOMMENDS that the Court, upon motion of the United States, enter a Preliminary Judgment of Forfeiture declaring that the defendant's interest in the property is forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C); 982(a)(2)(B); 1029(c)(1)(C), and 28 U.S.C. § 2461.

6.      The Court informed the parties that the District Judge would defer acceptance of the tendered Plea Agreement pending consideration as part of final sentencing.

*Right to Object*

2

Defendant has the right to object to this Order and to secure de novo review from the District Judge as to any matter to which he specifically objects and seeks review. Within Fourteen days after being served with a copy of this decision, a party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make timely objection, in the manner described, may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals with respect to the particular decision at issue. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 29th day of August, 2025.



Signed By:

**Edward B. Atkins** *EBA*

**United States Magistrate Judge**

3